# Reynolds et al. v. First Nat. Bank of Jackson et al.

May 19, 1944.

D. G. Boleyn for appellants.

A. H. Patton for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The first of the two judgments appealed from, rendered in June, 1941, directed the sale of certain lands in Breathitt County, and, if the amount realized was not sufficient to satisfy the indebtedness adjudged, certain lands in Perry and Owsley Counties. The second of the two judgments, entered some months later, overruled appellants' exceptions to the sale of the Breathitt County land, sustained their exceptions to the sale of the Perry County lands, and ordered a resale of the latter.

The first of these judgments was the culmination of litigation between the parties arising out of a mortgage indebtedness of the appellants to the appellee created in 1927; and this appeal involves primarily procedural questions in connection with the enforcement of a mortgage executed to appellee in 1935, to secure additional advances, as well as the indebtedness secured by the mortgage of 1927, which, in the interim, had been reduced to judgments. Except as to the alleged failure of the Court to give them credit for certain payments to which they claim the facts show they were entitled, appellants, in their brief filed in this Court, made no complaint of the amount of their indebtedness as determined by the judgments in satisfaction of which the sales were ordered. As before indicated, their objections to the judgments were technical, and, as we view the stipulation filed in this Court subsequent to the filing of the briefs, the appellants have not only waived their complaints of the procedure employed but their contention

that they were not given the credits on their indebtedness to which they were entitled. The stipulation is as follows:

"It is stipulated that the agreement set forth on pages 432 and 433 of the record, was on the 5th day of March, 1942, carried into effect by appellant, Elihu Reynolds, executing bond for the amount therein set forth, to the appellee, together with K. N. Salyers, as surety; that the appellee assigned its bid to Elihu Reynolds; that said bond has been paid off, and the appellee herein satisfied, a copy of which bond is attached to brief of appellee.

"That by oversight or mistake, the record does not disclose this transaction, and this stipulation is made in lieu thereof, and to have the same effect, as if the record disclosed the facts as herein stipulated."

As shown by the record, the circumstances under which the bond referred to in the stipulation was executed are as follows:

Appellants had filed, and the Court had overruled, exceptions to the Commissioner's report of sale of the Perry County land held pursuant to the second of the two judgments appealed from. In the exceptions it was recited that $3,971.01 was the amount of the debt, interest, and costs, and that if the property was re-sold, it would bring that amount. An order entered February 25, 1942, recited that the parties having declined to introduced proof on the subject, the exceptions were overruled, whereupon, "if the defendant, Elihu Reynolds, or M. C. Napier, together with K. N. Salyers, execute bond for the sum of $3,971.01, together with interest thereon, at rate of 6% per annum, from January 12, 1942, and for the further sum of $108.00, cost of setting aside a previous sale herein, which cost was adjudged against the defendants herein, and said bond to have the force and effect of a replevin bond, and secured by a lien on the property known in the record, as the Perry County lands, the plaintiff, will, assign to such principal in said bond, the plaintiff's bid, at the January 12th, sale; and the defendants herein, stated at the Bar. that the defendants desired to have said bond executed. * * *

"Said bond shall be payable to the plaintiff, The

First National Bank of Jackson, Kentucky, and due twelve (12) months from January 12th, 1942.

"In view of the foregoing, the sale of January 12th, 1942 of the Perry County lands is hereby confirmed, * * *,"

As stated in the brief of appellee's counsel, to which the appellants have filed no reply, "it seems to us that this transaction fully settles all matters in litigation between appellants and appellee."

Judgment affirmed.